UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PEOPLE OF THE STATE
OF MICHIGAN,

       Plaintiff,                             Hon. Janet T. Neff

v.                                                          Case No. 1:17 CV 789

ANTHONY HOLLOWAY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

On August 28, 2017, Defendant filed in this Court a Notice of Removal purporting to remove to this Court a criminal action initiated against him by the State of Michigan. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be **remanded** to state court.

## ANALYSIS

Defendant has submitted a single-page handwritten pleading in which he asserts that he is being held in the Shiawassee County Jail awaiting trial on an unidentified criminal matter. (ECF No. 1). Holloway seeks unspecified relief in this Court because he is concerned that he will not receive a fair trial due to prejudice by the members of the community from which his jury will presumably be selected. This Court, however, lacks jurisdiction over this matter.

Removal of a state court criminal action to a federal district court is an exceptional circumstance permitted in only rare circumstances. Criminal prosecutions against certain federal officials and members of the armed forces are subject to removal. *See* 28 U.S.C. §§ 1442, 1442a. A

criminal defendant may also remove a state court prosecution to federal court if he "has been denied or cannot enforce the right to racial equality in the state courts." *Virginia v. Banks*, 498 Fed. Appx. 229, 230 (4th Cir., Nov. 29, 2012) (citing 28 U.S.C. § 1443); *see also*, *Noble v. Wayne County Prosecutor's Office*, 2014 WL 1515788 at *1-3 (E.D. Mich., Apr. 18, 2014) (same).

This requires Defendant to demonstrate that he is being denied a right "that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and, furthermore, that he is "unable to or [is being] denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Noble*, 2014 WL 1515788 at *2 (citations omitted). Claims that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Noble*, 2014 WL 1515788 at *2 (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Defendant's vague and nonspecific concerns that he might not receive a fair trial falls far short of establishing that he has been denied or cannot obtain "racial equality in the state courts" or that his rights under federal civil rights law is, or is likely to be, denied.

Federal law also requires Defendant to submit to this Court "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1445(a). Defendant has failed to provide the Court with copies of the "process, pleadings, and orders" served or entered in the state court action.

Simply put, Defendant has failed to establish that this matter satisfies one of the exceptional circumstances in which removal of a state court criminal prosecution is permitted. Accordingly, this matter must be remanded to state court. *See* 28 U.S.C. § 1445(b)(4) ("if it clearly appears. . .that removal should not be permitted, the court shall make an order for summary remand").

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that this matter be **remanded** to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 30, 2017
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge